IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAIN D. MOORE,

     Plaintiff,                    No. CIV S-06-0224 GEB DAD P

    vs.

A. HERNANDEZ,

     Defendant.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $3.31 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

I. Plaintiff's Motion for Leave to File an Amended Complaint

Plaintiff has filed a motion requesting leave to file an amended complaint.  The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served."  Fed. R. Civ. P. 15(a).  Therefore, plaintiff's motion will be granted.  Plaintiff is advised that an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended pleading is filed, the original pleading no longer serves any function in the case.  Id.; see also E.D. Local Rule 15-220.  Plaintiff much include all his claims and defendants, and his supporting facts and allegations in the amended complaint.[1]

Although the Federal Rules adopt a flexible pleading policy, the amended complaint must give fair notice and state the elements of the claim plainly and succinctly.[2]  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

/////

---

[1] On April 24, 2006, June 7, 2006, and August 14, 2006, plaintiff submitted additional statements to the court.  Plaintiff is advised that all of his claims must be set forth in any amended complaint he elects to file since that will be the operative pleading in this action.  Any supplemental statements filed by plaintiff will be disregarded.

[2] Plaintiff is advised to provide only those factual allegations that demonstrate the basis for his claims.  A lengthy, day by day account of events is not helpful to the court in assessing those sufficiency of the pleading.

participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is provided the following legal standards applicable to any equal protection and retaliation claims he is attempting to state. The Equal Protection Clause, which ensures that similarly situated persons are treated alike, applies to prisoners. Turner v. Safley, 482 U.S. 78, 84 (1987); Plyler v. Doe, 457 U.S. 202, 216 (1982). Thus, prisoners may not be subjected to invidious racial discrimination. See Lee v. Washington, 390 U.S. 333 (1968)(per curiam). To prevail on an equal protection claim, a prisoner must allege facts that, if proven, show that he or she was treated in a disparate manner without a rational relationship to a legitimate state purpose. San Antonio School Dist. v. Rodriguez, 411 U.S. 1, 40 (1972). Proof of racially discriminatory intent or purpose is also required to prevail on a racial discrimination claim. See Washington v. Davis, 426 U.S. 229, 239-40 (1976). Discriminatory intent may be proved by direct or circumstantial evidence. See Lowe v. City of Monrovia, 775 F.2d 998, 1011 (9th Cir. 1985), amended on other grounds, 784 F.2d 1407 (9th Cir. 1986).

Prisoners may not be retaliated against for exercising their First Amendment right of access to the courts or their broader right to petition the government for redress of grievances. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Retaliation by a state actor for a prisoner's exercise of a constitutional right is actionable under § 1983, even if the acts, when taken for different reasons, would have been proper. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). To prevail on a retaliation claim, a prisoner must prove that he was retaliated against for exercising a constitutional right and that retaliation was a substantial or motivating factor for the defendant's acts or conduct. 429 U.S. at 285-87; see also Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314-16 (9th Cir. 1989). The prisoner must also show that the defendant's retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. Pratt v. Rowland, 65 F.3d 802, 806 (9th

Cir. 1995); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

II. Plaintiff's Motion for Default Judgment

Plaintiff contends that he submitted a summons to the court for service on defendant by the U.S. Marshal, and that since more than twenty days have lapsed and defendant has not filed an answer, judgment should be entered in favor of plaintiff.

Plaintiff's motion will be denied. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity prior to authorizing service of process. 28 U.S.C. § 1915A(a). The court has not issued an order finding that plaintiff's complaint stated a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). In addition, the court did not issue any orders to the U.S. Marshal to serve process on defendant.

III. Motion for Appointment of Counsel

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $3.31. All fees shall be collected and paid in

/////

4

accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint, filed on February 2, 2006, is dismissed.

4. Plaintiff's October 6, 2006 motion for leave to file an amended complaint is granted.

5. Within thirty days from the date of service of this order, plaintiff shall file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; plaintiff must use the form complaint provided by the court and answer each question on the form; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

6. Plaintiff's August 8, 2006 and August 21, 2006 motions for default judgment are denied.

7. Plaintiff's August 21, 2006 motion for appointment of counsel is denied.

8. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: November 3, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
moor0224.amd

5