IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAIN D. MOORE,

    Plaintiff,                        No. CIV S-06-0224 GEB DAD P

    vs.

A. HERNANDEZ, et al.,

    Defendants.                 <u>FINDINGS & RECOMMENDATIONS</u>

/

           Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's amended complaint.

           On November 6, 2006, the court granted plaintiff's motion for leave to file an amended complaint. Plaintiff was advised that in his amended complaint, he must allege with at least some degree of particularity the overt acts of defendants which support his claims. The court also provided plaintiff the legal standards governing equal protection and retaliation claims.

           In his amended complaint, plaintiff alleges that defendants Hernandez, Conlon and Cottfried, correctional officers at Mule Creek State Prison (MCSP), engaged in racial discrimination and retaliation against him. With respect to the latter, plaintiff claims that he suffered retaliation at the hands of the defendants after he refused to change his prison job work shift at the request of defendant Hernandez. In this regard plaintiff alleges that on her first day at

1

work, prior to knowing plaintiff, correctional officer Hernandez informed him that she intended to switch his work shift with that of a certain Hispanic inmate. (Am. Compl. at 4.) Plaintiff alleges that after he refused to cooperate with the work shift change, defendant Hernandez "initiated a pattern of abuse and harassment towards the African American plaintiff that lasted well over one year, resulting in medical injuries." (Id.) Plaintiff contends that defendant Hernandez attempted to change his days off, unfairly criticized his work performance, locked the office door thereby preventing him from completing his work assignments and left plaintiff in his cell during his work shift. (Id. at 4-6.) Plaintiff contends that these retaliatory acts adversely affected his blood pressure. (Id. at 5-6.)

Plaintiff also alleges he was retaliated against when, on December 14, 2005, he and several other inmates signed a complaint to prison officials reporting that defendant Hernandez was sleeping during her shift. (Id.) In retaliation, plaintiff alleges, defendant Conlon searched plaintiff's cell and defendant Cottfried issued a rule violation report accusing plaintiff of changing the original complaint against Hernandez in a way that caused the other inmates who signed it to believe they were merely signing-up for a privilege card. (Id. at 5 & 7.)

In his equal protection claim, plaintiff alleges that defendant Hernandez was deferential towards the Hispanic inmate who was the intended beneficiary of the work shift change.[1] (Id. at 6-7.) Plaintiff also alleges that defendant Hernandez left her post and visited the Hispanic inmate clerk in administrative segregation and told plaintiff that the clerk would be returning to his job. (Id. at 7.) According to plaintiff, defendant Hernandez displayed "favoritism" by allowing Hispanic inmates to do plaintiff's work and was overly familiar with Hispanic inmates in general. (Id.)

As plaintiff was advised in the court's November 6, 2006 order, to support a claim of retaliation under § 1983, a prisoner must allege that (1) prison officials retaliated against him

---

[1] Plaintiff also alleges that this same inmate later initiated a fight with him.

for exercising his constitutional rights, and (2) the retaliatory action did not advance legitimate goals of the correctional institution or is not narrowly tailored to achieve those goals. See <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985). A prisoner must also allege facts that, if true, would establish that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts. See <u>Mt. Healthy City Board of Ed. v. Doyle</u>, 429 U.S. 274, 285-87 (1977). Here, plaintiff has not alleged facts which would demonstrate that the claimed retaliatory acts were linked to plaintiff's exercise of his constitutional rights. In this regard, plaintiff merely contends that defendant Hernandez began a pattern of retaliation after plaintiff refused to agree to change his prison job work shift. However, prisoners do not have a constitutional right to work a particular shift or, for that matter, a right to work in prison at all. See <u>Vignolo v. Miller</u>, 120 F.3d 1075, 1077 (9th Cir. 1997); <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1094-1095 (9th Cir. 1986); <u>Rizzo v. Dawson</u>, 778 F. 2d 527, 531 (9th Cir. 1985). Therefore, plaintiff's prison job-related conflicts with defendant Hernandez do not provide a factual basis for a retaliation claim cognizable under § 1983.

Plaintiff has also failed to state a cognizable retaliation claim against defendants Conlon and Cottfried. Plaintiff contends that these defendants took adverse actions against him after plaintiff participated in the filing of the complaint about defendant Hernandez sleeping on the job. However, plaintiff has not alleged facts even suggesting that the search of his cell by defendant Conlon or the administrative report by defendant Cottfried questioning the validity of the complaint about defendant Hernandez, were actions that did not advance legitimate penological goals. See <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (9th Cir. 1995); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir. 1994); <u>Rizzo</u>, 778 F.2d at 532. Such actions are legitimate penological practices that are aimed at preserving institutional order and discipline. Plaintiff's bare allegations fail to suggest otherwise in this case. Therefore, the undersigned finds that plaintiff has not stated a cognizable retaliation claim. See <u>Rizzo</u>, 778 F.2d at 532, n.4 (absent factual support, bare allegations of arbitrary retaliation are not enough to avoid summary

dismissal); see also Reed v. Peterson, No. Civ. S 04-1822 LKK DAD P, 2005 WL 1366447, *2 (E.D. Cal. 2005) (same).

       The court also finds that plaintiff has failed to state a cognizable equal protection claim against defendant Hernandez.  The Equal Protection Clause commands that no state shall "'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)).  A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 must plead intentional discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. See Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir.1998).  Here, plaintiff's vague and general allegations that Hernandez showed "favoritism" toward and was "overly familiar" with Hispanic inmates fails create an inference of discriminatory intent and does not rise to the level of an equal protection violation.

       Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 4, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
moor0224.56